UNITED STATES BANKRUPTCY COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

In re:                                                          Chapter 7
                                                                Case No. 16-10952
Joseph K. Svensson,

                    Debtor
-----------------------------------------------------

Stacy Hammond & Kenneth Hammond,                                Adv. Pro. No. 22-90006

                    Plaintiffs
-v-

Joseph K. Svensson,

                    Defendant
-----------------------------------------------------

APPEARANCES:

Matthew J. Mann, Esq.
Mann Law Firm
Attorney for Plaintiffs
426 Troy Schenectady Road
Latham, NY 12110

Michael Leo Boyle, Esq.
Boyle Legal, LLC
Attorney for Defendant
64 2nd Street
Troy, NY 12180

Hon. Robert E. Littlefield, Jr., United States Bankruptcy Judge

## MEMORANDUM DECISION & ORDER

Before the Court is Joseph K. Svensson's (the "Debtor" or "Defendant") motion to dismiss

("MTD") this adversary proceeding.  Stacy and Kenneth Hammond (the "Plaintiffs") oppose. The

Court has jurisdiction via 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A) and 1334(b).[1]

---

[1] Unless otherwise indicated, all chapter and section references are to the United States Bankruptcy Code, 11 U.S.C.
§§ 101–1532 (2025) ("Bankruptcy Code").

## FACTS

The Debtor commenced this proceeding by filing a Chapter 13 petition and plan on May 26, 2016. (ECF Nos. 1&2).[2]  During the pendency of the Chapter 13, the Plaintiffs hired the Debtor to install a modular home on their property. On August 18, 2020, the Defendant deposited a down payment check in the amount of $20,400.00 to his account. (ECF No. 72 at 81).  The funds were utilized to commence construction. The Plaintiffs allege the work was not done properly. Thereafter, the Defendant ceased work on the property.  On May 4, 2022, the Defendant sent to Kenneth Hammond a check for $1,500.00 with a notation that it was a "return" in connection with work done at the Plaintiffs' property. *Id.* at 77.

On November 12, 2021, this Court signed an order deeming the Chapter 13 case complete. (ECF No. 142).  On January 12, 2022, the Chapter 13 Trustee filed a final report and a "Notice of Completed Plan and Request for Certifications Regarding Domestic Support Obligations and Sections 522(q) and 1328. Chapter 13 Debtor Certification . . ." (ECF Nos. 144 & 145).

On February 15, 2022, the Debtor requested an extension of time to file the documents required for discharge. (ECF No. 148). The request was granted. (ECF No. 149).  On February 28, 2022, the Debtor requested a further extension of time.  (ECF. No. 152).  This request was also granted. (ECF No. 154).

On April 14, 2022, the Debtor filed an *ex parte* notice requesting the case be converted to a Chapter 7 proceeding. (ECF No. 158).  On April 15, 2022, the Debtor filed amended schedules which included "Kenny Hammond" as a creditor. (ECF No. 159).   On April 19, 2022, the proceeding was converted to a Chapter 7 case and Paul Levine, Esq. was appointed Chapter 7

---

[2] Reference to the docket in case number 16-10952 denoted as ECF.  References to the docket in the adversary proceeding are delineated as AP.

Trustee. (ECF No. 164). On June 27, 2022, the Plaintiffs filed a proof of claim in the amount of $403,800.00. (Claim 22). The Debtor has not objected to the claim.

The last day to object to the Debtor's Chapter 7 discharge was August 8, 2022. (ECF No. 164). On August 5, 2022, the Plaintiffs filed this adversary proceeding. (AP No. 1). On February 28, 2025,[3] the Plaintiffs filed this Second Amended Complaint (the "SA Complaint") consisting of 16 causes of action. (AP No.63) They are: Count I – Bad Faith Conversion/Filing; Count II – Denial of Discharge pursuant to § 727(a)(2)(B); Count III – Denial of Discharge pursuant to § 727(a)(3); Count IV – Denial of Discharge pursuant to § 727(a)(4)(A); Count V – Denial of Discharge pursuant to § 727(a)(4)(D); Count VI – Denial of Discharge pursuant to § 727(a)(5); Count VII – Determination of Nondischargeability for the debt pursuant to §523(a)(2)(A); Count VIII – Determination of Nondischargeability for the debt pursuant to §523(a)(4); Count IX – Determination of Nondischargeability for the debt pursuant to §523(a)(6); Count X – 18 U.S.C. §152(1) Concealment of Property Belonging to the Estate; Count XI – Violation of 18 U.S.C. § 152(2) False Oaths; Count XII – Violation of 18 U.S.C. § 152(3) False Declaration Under Penalty Of Perjury; Count XIII – Violation of 18 U.S.C. § 152(7) Transfer or Concealment of Property In Contemplation of Filing; Count XIV – Violation of 18 U.S.C. § 152(8) Concealment of Documents Relating to Property/Affairs of Debtor; Count XV – Violation of 18 U.S.C. § 152(9) Withholding Documents From Trustee; and Count XVI[4] – Vexatious Litigation.

On April 11, 2025, the Defendant filed the MTD. (AP No. 67). The Plaintiffs opposed, the Defendant replied and on July 11, 2025, the matter was fully before the Court. (AP Nos. 73 & 78).

---

[3] There were numerous agreed upon extensions of time between the parties for filing pleadings and an amended complaint.

[4] The Plaintiffs misnumbered this cause of action in the SA Complaint.

**ARGUMENTS**

The Defendant argues the SA Complaint should be dismissed on the following grounds: a lack of personal jurisdiction, failure to plead fraud with particularity, as well as the timeliness of the certain causes of action.  Not surprisingly, the Plaintiffs disagree.  They argue the SA Complaint and exhibits are factually sufficient to withstand the MTD.

**DISCUSSION**

Review of this MTD is guided by Federal Rule of Civil Procedure ("FRCP") 12(b)(6) made applicable to this adversary proceeding via Federal Rule of Bankruptcy Procedure 7012. To rebut a MTD "the complaint must allege enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility . . . .Plaintiff's factual allegations must also be sufficient to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . and must show that the court has subject matter jurisdiction." *Id.*

This court's task is "to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). Determining whether a complaint states a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Cooke v. Frank Brunckhorst Co., LLC*, Case No. 23-cv-6333, 2025 U.S. Dist. LEXIS 119822, at *7-8 (E.D.N.Y. Jun. 24, 2025).

The Court "may consider facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.,* 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46, 2016 U.S. App. LEXIS 4946, at *2 n. 2 (2d Cir. Mar. 18, 2016) (internal quotation marks omitted).  However, "to be incorporated by reference, the complaint must make a clear, definite and substantial reference to the documents." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp.2d 54, 60 (S.D.N.Y. 2010) (quoting *Helprin v. Harcourt, Inc.*, 277 F. Supp.2d 327, 330–31 (S.D.N.Y. 2003) (internal quotation marks omitted).

This Court may "take judicial notice of matters of public record, including filings in related lawsuits." *Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Secs. Corp*., 351 F. Supp. 2d 79, 96 n. 17 (S.D.N.Y. 2004) (citations omitted). Bankruptcy courts may take judicial notice of prior decisions or filings in the same bankruptcy case. See, e.g., *Krakowski v. Am. Airlines, Inc. (In re AMR Corp.),* 567 B.R. 247, 250 n. 2 (Bankr. S.D.N.Y. 2017) (taking judicial notice of prior decisions in "several different adversary proceedings in th[e] bankruptcy" for purposes of considering a motion to dismiss an adversary complaint); *Amsterdam Key Assocs. LLC v. Blakely (In re 477 W. 142nd St. Hous., Dev. Fund Corp.),* 2020 WL 3067733, at *7 (Bankr. S.D.N.Y. Jun. 8, 2020).

Claims of fraud are entitled to enhanced scrutiny.[5] To satisfy the pleading requirements of FRCP 9(b), "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). In this Circuit, a pleading must "(1) specify the statements that the plaintiff contends

---

[5] Fed. R. Civ. P. 9(b).

were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993). It is within these parameters the Court reviews the SA Complaint and the MTD.

### A.   Lack of Personal Jurisdiction

The Defendant argues the SA Complaint should be dismissed because the Plaintiffs' claim relates to the Debtor's business and not the Debtor. The Court disagrees. First, as noted when the Debtor converted his case, he listed Plaintiff "Kenny" Hammond as a creditor in his amended schedules. (ECF No. 159). Thus, the debt is acknowledged. Next, the Plaintiffs' filed a proof of claim on behalf of both Kenneth and Stacy Hammond and the Debtor has not objected to same. Finally, on May 4, 2022, the Defendant sent to Kenneth Hammond a check for $1,500.00 with a notation that it was a "return" regarding work done at the Plaintiffs' property. *Id.* at 77. The check, the proof of claim filed by the Plaintiffs along with the Debtor's amended schedules are sufficient to withstand the MTD. The Defendant's request to dismiss the SA Complaint, for lack of personal jurisdiction, is denied.

### B.   Bad Faith Conversion/Filing

Next, the Debtor contends his actions in converting his Chapter 13 to a Chapter 7 cannot be reviewed for bad faith. The Defendant states "the only section for which Plaintiffs could possibly be seeking dismissal of Debtor's case would be pursuant to Section 707(a)(1)." (AP No. 67, pg. 8). The Court disagrees as § 348(f)[6] discusses "bad faith" in relation to converting a case. Thus, conversion from a Chapter 13 to Chapter 7 can always be reviewed for bad faith.

---

[6] 11 U.S.C. §348 states in pertinent part, "(2) If the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property of the estate in the converted case shall consist of the property of the estate as of the date of conversion." 11 U.S.C. §348(2).

As previously detailed this Debtor converted his case after receiving an order completing payments under the Chapter 13. While there may be a perfectly valid reason for converting the case, the timing of the conversion requires further inquiry.  The Debtor was set to receive the preferred Chapter 13 "super" discharge.  Despite this, he voluntarily converted to a Chapter 7.  The evidence raises questions of fact regarding the propriety of the conversion. This is sufficient to deny the Debtor's request to dismiss this cause of action.

### C.  Denial of Discharge Pursuant to § 727(a)(2)(B)[7]

As previously discussed, allegations of fraud are subject to heightened pleading standards. To rebuff a motion to dismiss ". . . the degree of particularity required should be determined in light of the circumstances of the case."  *In re Collins,* 540 B.R. 54, 65 (Bankr. E.D.N.Y. 2015). The rationale for the increased pleading standard is "to put the defendant on sufficient notice of the alleged fraudulent conduct to be able to answer and defend the allegations." *Id*.  In this Circuit:

> To prove a § 727(a)(2)(B) violation, a creditor must show "an act (i.e.[,] a transfer or a concealment of property) and an improper intent (i.e., a subjective intent to hinder, delay, or defraud a creditor)," and "the party seeking to bar discharge must prove that *both* of these components were present during the one year period before bankruptcy."

*Republic Credit Corp. I v. Boyer (In re Boyer),* 328 Fed. Appx. 711, 714 (2d Cir. 2009) (emphasis in original) (quoting *Rosen v. Bezner,* 996 F.2d 1527, 1531 (3d Cir. 1993)).

The Plaintiffs have proffered evidence in the form of photos regarding construction equipment owned by the Debtor but not listed in his petition. (AP. No. 73. Ex. L & M). The Debtor testified, in pertinent part, as follows:

---

[7] This subsection states in part:

> (a)  The court shall grant the debtor a discharge, unless . . . (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate . . . . has transferred, removed, destroyed, mutilated, or concealed . . . (B) property of the estate, after the date of the filing of the petition.

11 U.S.C. 727(a)(2)(B).

Q.      And Exhibit 9, what do we have there?

A.      That's a machine that I bought and sold. I don't even know how long ago. I would have to look at the date even if I could find a receipt for it.

Q.      Was it after May of 2016?

A.      Yes. Just so you know, I probably had eight of these so it's hard to remember when I sold it. I would have to go back and look. And we can't see a serial number on it.

Q.      I am going to show you what we marked as Exhibit 10. Can you tell me what that is?

A.      That is a big excavator. I can't tell what exactly it is but it does look like the one she[8] bought. I'm not positive though because there is many of these so I don't know where that is. *Id.*

*Id.* This testimony raises a plausible claim that the Debtor, repaired and sold construction equipment during this proceeding.  It is also plausible the Defendant owned/operated certain businesses and derived income from same that he did not disclose in his original petition or amended schedules. The omission of assets, debts, income and/or expenses as well as misstatements on the statement of financial affairs can be fatal to a bankruptcy proceeding. Thus, the SA Complaint and facts meet the "plausible" standard.  The Defendant's request to dismiss this cause of action is denied.

---

[8] The Debtor testified his significant other had purchased the equipment for him to use.  However, as his testimony continued, he admitted that he also bought, owned, repaired and sold construction equipment.  None of this was disclosed in the original petition or amended schedules.

### D.  Denial of Discharge Pursuant to § 727(a)(3)[9]

Next "[t]o prevail under section 727(a)(3), an objecting creditor must prove that the debtor (1) failed to keep and maintain adequate books and records and that (2) such failure makes it impossible to discern the debtor's true financial condition and to identify material transactions." *Aspire Fed. Credit Union v. Robinson (In re Robinson),* 595 B.R. 148, 157 (Bankr. S.D.N.Y 2019). Crucially, "intent to defraud is not an element of Section 727(a)(3)." *Id*. at 158.  Therefore, all that is required is that a complaint alleges that the Debtor has failed to keep and maintain accounting records.

The pleadings are sufficient to raise a question of fact as to whether the debtor "failed to keep or preserve any recorded information" that a reasonable person would maintain. 11 U.S.C. § 727(a)(3). As previously noted, the Debtor testified, regarding a particular piece of construction equipment, he "would have to look at the date even if I could find a receipt for it." (AP. No. 73. Ex. L).  The Debtor's testimony meets the minimum requirement of plausibility with respect to the Defendant maintaining minimal business records.  The request to dismiss this cause of action is denied.

---

[9] This subsection provides in part:

> (a)  The court shall grant the debtor a discharge, unless . . . (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case. . .

11 U.S.C §727(a)(3).

### E.  Denial of discharge pursuant to 727(a)(4)(A)[10]

To ward off a motion to dismiss, a complaint "must sufficiently allege the elements of a violation of § 727(a)(4)(A) that (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew that the statement was false; (4) the debtor made the statement with the intent to deceive; and (5) the statement materially related to the bankruptcy case." *Allred v. Schimek*, 753 F. Supp.3d 334, 343 (S.D.N.Y. 2024).

### I.  The Debtor Made a Statement

There has been no argument by the Defendant that he did not sign his petition or amended schedules and thus this Debtor made statements.

### II.  The Debtor's Statements Were False

Statements made in the bankruptcy petition including but not limited to all schedules, amendments and the statement of financial affairs, are made "under oath" for the purposes of §727. (ECF No. 1).  The Plaintiffs have adequately alleged that the Debtor failed to list specific assets in his petition and amended schedules.  Therefore, there is sufficient evidence that the Debtor made false statements.  "If schedules are incomplete, they also could be false." *See Allred*, 753 F. Supp. 3d 334.  "Under [S]ection 727(a)(4)(A)'s second element, '[o]missions as well as affirmative misstatements qualify as false statements for Section 727(a)(4)(A) purposes.'" *City of Atlantic City v. Drummon (In re Drummon)*, Case No. 24-cv-1668, 2025 U.S. Dist. LEXIS 87517, at *14 (S.D.N.Y. May 7, 2025) (quoting *Adler v. Ng (In re Adler)*, 395 B.R. 827, 841 (E.D.N.Y. 2008)).  The SA Complaint adequately raises plausible questions as to the veracity of the Debtor's statements, regarding business entities, equipment owned and income derived therefrom, in his original petition and amended schedules.

---

[10] This subsection states in part, "(a) The court shall grant the debtor a discharge, unless . . . (4) the debtor knowingly and fraudulently . . . (A) made a false oath or account. . . " 11 U.S.C. §727(a)(4)(A).

### III. The Debtor Knew the Statement Was False

Intent is a fact intensive inquiry and "typically is not suitable for resolution on a motion to dismiss" *Braman v. Pub. Emp. Risk Mgmt. Ass'n* 2025 U.S.Dist. LEXIS 53527, at * 21 (N.D.N.Y. Mar. 24, 2025). The testimony of the Debtor and the exhibits to the pleadings allege sufficient facts to raise a plausible claim that the Debtor knew statements were false.

### IV. The Debtor's Attempt to Deceive

As with the previous analysis, whether this Debtor's statements were intended to deceive is a factual determination and "necessarily raises questions of fact that cannot be resolved on a motion to dismiss." *A.V.E.L.A.*, *Inc. v. Estate of Marilyn Monroe,* 131 F. Supp. 3d 196, 210 (S.D.N.Y. 2015). It is settled:

> Fraudulent intent, for purposes of section 727 (a)(4)(A), can be established by a showing of actual fraud . . . or by the debtor's reckless disregard for the truth of his statements . . . multiple smaller falsehoods can aggregate into a "critical mass" that does indicate the requisite intent. Multiple omissions may also indicate fraudulent intent if there is something about the omitted information the debtor might have wanted to conceal. . . .

*Gordon v. Tese-Milner (In re Gordon),* 535 B.R. 531, 537 (S.D.N.Y. 2015) (quoting *Jacob Agai, 291 Ave P, LLC v. Antoniou (in re Antoniou)*, 515 B.R. 9, 24 (Bankr. E.D.N.Y. 2014)). As noted, the Debtor testified he had purchased and sold many pieces of construction equipment during the bankruptcy proceeding. He also ran several businesses and plausibly received income that was not disclosed in his petition or amended schedules.

### V.    The Misrepresentation Related to the Bankruptcy Case

A debtor's failure to disclose, or accurately report, income on a bankruptcy petition is unquestionably material. *See United States v. Manno-DeGraw (In re Manno-DeGraw*), 2016 Bankr. LEXIS 2490, at *3 (Bankr. E.D.N.Y. Jul. 6, 2016) (denying Chapter 7 discharge because the petition "contained material and demonstrably false statements and omissions," including the

failure to disclose debtor's ownership of a business and true income); *see also In re Antoniou,* 515
B.R. at 25 (denying discharge where "[t]he record is replete with evidence, at a minimum, of the
Debtor's reckless disregard for the truth with regard to the omissions and misstatements concerning
the . . . Debtor's income."). "An item is material if it is related to the debtor's 'business transactions
or estate which would lead to the discovery of assets, business dealings, or existence or disposition
of property.'" *Moreo v. Rossi (In re Moreo)*, 437 B.R. 40, 65 (quoting *Carlucci & Legum v. Murray
(In re Murray)*, 249 B.R. 223, 228 (E.D.N.Y. 2000)).

The alleged misstatements regarding construction equipment as well as income earned in
several business ventures are material and related to the bankruptcy proceeding.  The request to
dismiss this cause of action is denied.

### F.  Denial of Discharge Pursuant to § 727(a)(4)(D)[11]

To succeed under this section, "the objecting party must establish: (i) the debtor knowingly
and fraudulently; (ii) withheld from an officer of the estate entitled to possession under this title,
any recorded information, including books, documents, records, and papers relating to the debtor's
property or financial affairs; and (iii) in or in connection with the debtor's own case." 11 U.S.C.
§727(a)(4)(D).

The SA Complaint alleges the Debtor failed to provide the Trustee with information
regarding his business names, business income as well as various assets in Debtor's possession for

---

[11] This subsection provides:

> (a)  The court shall grant the debtor a discharge, unless . . . (4) the debtor knowingly and
> fraudulently, in or in connection with the case . . . (D) withheld from an officer of the estate . .
> . . any recorded information, including books, documents, records, and papers, relating to the
> debtor's property or financial affairs. . .

11 U.S.C §727(a)(4(D).

those businesses. In addition, the Debtor acknowledged he failed to list assets on his petition. (AP.

No 73, Ex. L). This plausibility is sufficient to rebuff the MTD.

### G.  Denial of Discharge Pursuant to § 727(a)(5)[12]

11 U.S.C § 727(a)(5) is designed "to prevent the abuse of the bankruptcy process by the

debtor "obfuscating the true nature of [the debtor's] affairs and then refusing to provide a credible

explanation." *Aspire Fed. Credit Union v. Robinson (In re Robinson)*, 595 B.R. 148, 161 (Bankr.

S.D.N.Y. 2019) (quoting *In re Johnson*, 98 B.R. 359, 366 (Bankr. N.D. Ill. 1988)).   Here, the SA

Complaint lists certain businesses and equipment owned by the Debtor that were not disclosed to

the Trustee.   The testimony previously discussed along with the exhibits to the SA Complaint

establish this is a plausible claim.   The Defendant's request to dismiss this cause of action is denied.

### H.  Debt Nondischargeable Pursuant to § 523(a)(2)(A)[13]

While there is significant overlap in the elements of § 727 & § 523,[14] "there is no bar to a

creditor seeking alternate relief under both . . . in an adversary proceeding...…" *Hass v. Hass (In*

---

[12] This subsection holds:

    (a)  The court shall grant the debtor a discharge, unless . . . (5) the debtor has failed to explain
        satisfactorily, before determination of denial of discharge under this paragraph, any loss of
        assets or deficiency of assets to meet the debtor's liabilities . . . .

11 U.S.C. §727(a)(5).

[13] This subsection states, in part,

    (a)  A discharge under section 727 . . . does not discharge an individual debtor from any debt— (2)
        for money, property, services, or an extension, renewal, or refinancing of credit, to the extent
        obtained by— (A) false pretenses, a false representation, or actual fraud, other than a statement
        respecting the debtor's or an insider's financial condition . . . .

11 U.S.C. §523(a)(2)(A).

[14] 11 U.S.C § 727 implicates a debtor's entire discharge. 11 U.S.C. § 523 refers only to specific debts.

*re Hass)*, 273 B.R. 45, 50.  Therefore, the Court incorporates the previous discussion regarding

the §727 causes of actions to the §523 analysis and finds the following.

11 U.S.C. §523(a)(2)(A) "gives creditors an opportunity to prove that particular debts arose

through impermissible means and advances the cornerstone bankruptcy principle that relief befall

only the debtor with clean hands." *Union Bank v. Luthra (In re Luthra)*, 182 B.R. 88, 91 (E.D.N.Y.

1995).  Courts have found:

> To prevail on a Section 523(a)(2)(A) claim, a creditor must establish five elements:
> first, that the debtor made a false representation; second, that the debtor knew the
> representation was false at the time it was made; third, that the debtor made the
> false representation with the intent to deceive the creditor; fourth, that the creditor
> justifiably relied on the representation; and finally, that the creditor sustained a loss
> that was proximately caused by the false representation.

*First Am. Title Ins. Co. v. Moses (In re Moses)*, 547 B.R. 21, 35 (Bankr. E.D.N.Y. 2016). An intent

to defraud may be:

> [I]nferred if the debtor knew or believed he would be financially unable to perform
> when the debt was incurred . . . A debtor's failure to perform his or her obligations
> under an agreement also may evidence an intent to defraud. . . .(defendant's failure
> to make any recognizable effort to fully comply with repayment schedules
> demonstrated a clear lack of intent to repay the plaintiffs.

*Manjula Selvan v. Vasanthakumaran Selvarajah (In re Vasanthakumaran Selvarajah)*, Adv. P. No.

21-01057, 2025 Bankr. LEXIS 782, at *32 (Bankr. E.D.N.Y. Mar. 31, 2025).  For the same reasons

previously discussed under the § 727(a)(4)(A) portion of this decision, there are sufficient factual

allegations, if true, to support a plausible finding that the Plaintiffs' debt is nondischargable.

Therefore, the Defendant's request to dismiss this cause of action is denied.

## I.  Debt Nondischargeable Pursuant to § 523(a)(4)[15]

11 U.S.C. §523(a)(4) does not discharge any individual debtor from any debt "for fraud or

defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. §523(a)(4).

"A finding of nondischargeability for defalcation by a fiduciary requires a showing of  (i) the

existence of a fiduciary relationship between the debtor and the objecting creditor, and (ii) a

defalcation committed by the debtor in the course of that relationship . . ." *Mirarchi v. Nofer (In*

*re Nofer)*, 514 B.R. 346, 353 (Bankr. E.D.N.Y. 2014) (quoting *Grow Up Japan, Inc. v. Yoshida*

*(In re Yoshida)*, 435 B.R. 102, 108 (Bankr. E.D.N.Y. 2010)).

> Article 3-A of the New York Lien Law establishes a "trust" fund for certain monies
> provided to contractors and states in pertinent part: "The funds described in this
> section received by an owner for or in connection with an improvement of real
> property . . . received by a contractor under of in connection with a contract for an
> improvement of real property, or home improvement . . . shall constitute assets of
> a trust for the purposes provided in section seventy-one of this chapter.

*In re Bielmeier*, 662 B.R. 23, 26 (Bankr. W.D.N.Y. 2024) (quoting N.Y. LIEN LAW § 70(1)

(McKinney 2016)). Next, the Second Circuit has found that intent[16] is a crucial element for a

finding of nondischargeablility under this section.  Intent is not readily discernable at this stage of

the proceedings. Accepting all allegations as true, the Debtor was a contractor who failed to

perform adequate work and did not return statutory trust funds. The remaining question of intent

---

[15] This subsection states in part, "(a) A discharge under section 727 . . . . does not discharge an individual debtor
from any debt . . . (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. . . " 11
U.S.C. § 523(a)(4).

[16] The Circuit found:

> In light of this persistent confusion, we now align ourselves with the First Circuit, *see Baylis*, 313
> F.3d at 20, in holding that defalcation under §523(a)(4) requires a showing of conscious misbehavior
> or extreme recklessness-a showing akin to the showing required for scienter in the securities law
> context. *See Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 168 (2d Cir. 2000); *Novak v. Kasaks*, 216
> F.3d 300, 308 (2d Cir. 2000); *Press v. Chemical Inv. Servs. Corp.*, 166 F.3d 529, 538 (2d Cir. 1999).
> We believe that these concepts -- well understood  and commonly applied in the securities law
> context -- strike the proper balance under § 523(a)(4).

*Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 68 (2d Cir. 2007).

remains open. The facts as alleged meets the plausibility standard.  The Defendant's request to dismiss this cause of action is denied.

### J.  Debt Nondischargeable Pursuant to § 523(a)(6)[17]

11 U.S.C. §523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. §523(a)(6).  The Second Circuit has found:

> Section 523(a)(6) provides that debts resulting from a "willful and malicious injury by the debtor to another entity or to the property of another entity" are nondischargeable. The term "willful" in this context means "deliberate or intentional" . . . The term "malicious" means wrongful and without just cause or excuse. . . . Malice may be constructive or implied . . . . Implied malice may be demonstrated "by the acts and conduct of the debtor in the context of [the] surrounding circumstances."

*Navistar Fin. Corp. v. Stelluti (In re Stelluti)*, 94 F.3d 84, 87-88 (2d. Cir. 1996) (internal citations omitted).

The critical factor in determining if actions are willful is if "the course of conduct undertaken by [the debtor] . . . was deliberate and intentional." *Id.* at 88.  Regarding the malicious element, it has been found that "transferring . . . funds constituted malicious conduct that injured [the creditor]." *Id*.  There are sufficient factual allegations to raise a plausible claim that the Defendant's actions were willful, malicious and they injured the Plaintiffs.  The request to dismiss this cause of action is denied.

### K.  Title 18 Causes of Action

Next, the Plaintiffs base five causes of action under various provisions of Title 18.  These are dismissed.  Title 18 is a criminal statute and therefore, this court does not have jurisdiction.

---

[17] This subsection states in part, "(a) A discharge under section 727 . . . . does not discharge an individual debtor from any debt . . . (6) for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. §523(a)(6).

Also, these claims were not raised until the SA Complaint was filed and were not timely.  Thus, the Defendant's request to dismiss these causes of action is granted.

### L.  Vexatious Litigation

The basis of the Plaintiffs' claim is that the "Defendant and his paramour Andrea Stopczynski injunction [sic] with their mutual counsel Louis Jack Pozner, Esq. have engaged in vexatious litigation against Plaintiff[s'] Counsel Matthew J. Mann, Esq. with the intention of harassing, annoying and intimidating Plaintiff[s]. . . ." AP No. 62 at ¶ 198.  The pleading continues, "[the Defendant] filed a false defamation action against Attorney Matthew Mann . . . " *Id.* at 199. Finally, attorney Mann has filed a motion to dismiss the defamation action, as frivolous and vexatious, before the state court. *Id*.

This cause of action is dismissed.  The claim was raised for the first time in the SA Complaint.  Therefore, it is not timely. The Plaintiff did not provide the Court with any case law where the filing of one[18] lawsuit against an individual's attorney was deemed vexatious. It seems that the Plaintiffs' attorney is attempting to conflate a matter against him with one implicating his clients.  This Court finds there can be no success on the merits of this claim. The request to dismiss this cause of action is granted.

---

[18] Vexatious litigation often includes more than one pleading. As the Circuit has noted

We take notice that Speer has filed 42 notices of appeal in the underlying bankruptcy matter. Of 39 appeals adjudicated prior to this week, 37 have been either dismissed or the appealed-from order affirmed. Separately, the District Court has dismissed sua sponte as frivolous two complaints filed by Speer, and this panel recently affirmed the District Court's order requiring Speer to seek leave to file complaints in the District of Connecticut. We take further notice that Speer has at least six times improperly removed a state action to federal court, and at least three times this Court has dismissed her appeals from district court remand orders. Three of the six frivolous removals related to a single case in which the Connecticut Superior Court imposed financial sanction, and subsequently barred Speer from further state court filings pending payment. As of February 3, 2022, Speer had not paid the sanction, and had at least once violated the court-imposed filing bar.

*Speer v. Mangan (In re Speer)* 2022 U.S. App. LEXIS 7862 (2d Cir. March 2022).

Case 22-90006-1-pgr    Doc 77    Filed 09/30/25    Entered 09/30/25 10:20:48    Desc Main
Document       Page 18 of 18


**CONCLUSION**

For all these reasons and after due deliberation, it is hereby

**ORDERED**, that the Defendant's request to dismiss Causes of Action 1–9 is denied**;** and

it is further

**ORDERED**, that the Defendant's request to dismiss Causes of Action 10 – 16 is granted.

Dated: September 30, 2025
Albany, NY

/s/ Robert E. Littlefield, Jr.
Robert E. Littlefield, Jr.
United States Bankruptcy Judge

-18-